Audrey C. Dolmovich
TN Bar #035972
ERIC BUCHANAN & ASSOCIATES, PLLC
414 McCallie Avenue
Chattanooga, TN 37402
(423) 634-2506
FAX: (423) 634-2505
adolmovich@buchanandisability.com

Attorneys for Plaintiff Linden Brockington

**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF ARIZONA
TUCSON DIVISION**

| | |
|---|---|
| LINDEN BROCKINGTON,<br><br>       Plaintiff,<br><br>v.<br><br>SUN LIFE ASSURANCE COMPANY OF CANADA,<br><br>       Defendant. | Civil Action No. |

**COMPLAINT FOR RECOVERY OF PLAN BENEFITS AND FOR THE ENFORCEMENT OF RIGHTS UNDER ERISA**

Plaintiff, Linden Brockington, makes the following representations to the Court for the purpose of obtaining relief from Defendant's refusal to pay long term disability (LTD) benefits due under an ERISA employee benefit plans, and for Defendant's other violations of the Employee Retirement Security Act of 1974 ("ERISA").

**JURISDICTION AND VENUE**

1.   This Court's jurisdiction is invoked pursuant to 28 U.S.C. § 1337 and 29 U.S.C. § 1132(e) (ERISA § 502(e)).  Plaintiff's claims related to Defendant's refusal to pay LTD benefits

due "relate to" "employee welfare benefits plan[s]" as defined by ERISA, 29 U.S.C. § 1001 *et seq.* and the subject Benefit Plan constitutes "plan[s] under ERISA."

2. The ERISA statute, at 29 U.S.C. § 1133, as well as Department of Labor regulations, at 29 C.F.R. § 2560.503-1 provide a mechanism for administrative or internal appeal of benefits denials. In this case, those avenues of appeal have been exhausted and this matter is now properly before this court for judicial review.

3. Venue is proper within the Tucson District of Arizona pursuant to 29 U.S.C. § 1132(e)(2).

## PARTIES

4. Plaintiff, Linden Brockington, (hereinafter "Plaintiff"), is currently and was at all relevant times, a resident of Tucson, Arizona.

5. Defendant Sun Life Assurance Company of Canada (hereinafter "Sun Life"), is an insurance company authorized to transact the business of insurance in this state, and may be served with process through the Arizona Department of Insurance, 100 North 15th Avenue, Suite 261, Phoenix, AZ 85007-2630.

6. Defendant Sun Life is the party obligated to pay benefits and to determine eligibility for benefits under Group Long Term Disability Policy No. 10471-002, issued by Sun Life to Community Health Systems, Inc.

## FACTS

7. Plaintiff was employed by Community Health Systems, Inc. at Northwest Hospital, in its Tucson, Arizona location.

8. By virtue of her employment, Plaintiff was enrolled in the LTD Plan, which is an ERISA employee welfare benefit plan (the "Plan").

9. Benefits under the Plan are insured by Sun Life under Group Long Term Disability Policy No. 10471-002, issued by Sun Life to Community Health Systems, Inc.

10. Plaintiff is a participant or beneficiary of the Plan.

11. Plaintiff ceased work due to a disability related to her medical conditions, including chronic fatigue, postural orthostatic tachycardia syndrome, post exertional malaise, and severe ME/CFS, on April 5, 2017, while covered under the Plan.

12. Plaintiff has been and continues to be disabled as defined by the provisions of the Plan and relevant policies.

13. Plaintiff filed an application for LTD benefits under the Plan.

14. Sun Life denied Plaintiff's application by letter dated August 15, 2017, based on its file reviewing physician's opinion that Plaintiff could perform her own occupation.

15. By letter dated October 18, 2017, Plaintiff appealed Sun Life's denial of benefits and submitted updated medical records and a physical functional capacity questionnaire filled out by her treating provider detailing that Plaintiff has restrictions and limitations.

16. By letter dated December 6, 2017, Sun Life approved Plaintiff's claim for benefits and paid benefits from July 10, 2017 until July 9, 2019.

17. Plaintiff was found disabled by Social Security and approved for Social Security disability benefits on June 16, 2018.

18. By letter dated July 19, 2019, Sun Life terminated Plaintiff's LTD claim based on its file reviewing physician's conclusion that Plaintiff did not have a physical disability precluding her from working and the mental and nervous provision in the policy was paid for the full 24 months.

19. Plaintiff appealed the termination of her benefits by letter dated January 15, 2020, supporting the appeal by providing updated medical records, medical opinion forms from her treating providers detailing Plaintiff's restrictions and limitations, a sworn statement from her treating provider explaining her many conditions and how they affect her on a daily basis, and a vocational review evidencing that that is not a transferrable occupation that Plaintiff is able to perform.

20. By letter dated February 27, 2020, Sun Life denied that appeal, and stated that its decision was final.

21. Sun Life's February 27, 2020, denial letter states that its file reviewing physician contacted Plaintiff's treating providers, Dr. Hanna and Dr. Yellman.

22. Sun Life's file reviewing physician stated that he was not able to get a hold of Dr. Yellman because he was told that Dr. Yellman no longer works at the facility.

23. Sun Life gave its file reviewing physician the phone numbers to Intermountain Rheumatology and Medical Tower Family Practice to contact Dr. Yellman.

24. During all relevant times for Plaintiff's claim, Dr. Yellman has worked at Bateman Horne Center, which Defendant was aware of. (Exhibit A – Letter from Bateman Horne stating that Dr. Yellman continues to work there.)

25. The file reviewing physician contacted and spoke to treating physician, Dr. Hanna, and summarized their conversation as Dr. Hanna stating that Plaintiff only has a diagnosis of fatigue and that he has not observed any physical limitations on her examinations.

26. Plaintiff was not given the opportunity to respond to Sun Life's file reviewing physician's summary as she first became aware of it when she received the final denial letter dated February 27, 2020.

4

27. Further, Defendant was not authorized to speak directly to Plaintiff's physicians, as Plaintiff had specifically revoked authorization in her letter dated August 28, 2019, where she stated,

> that any prior releases signed by our client to obtain medical records, medical information, personal information, or other information of any kind are hereby revoked to the extent that such authorization allows you to contact any sources of information in any manner other than by writing. You may continue to use the previously signed releases or authorizations to obtain records and reports in writing, or by telephone conference arranged through our office and electronically recorded so as to be made part of the record. Any other direct communication outside of a writing will be considered an invasion of our client's privacy."

28. Thus, Defendants and its file reviewing physicians did not have permission to contact Plaintiff's treating providers by telephone.

29. Despite the revoked authorization, on February 19, 2020, Sun Life instructed its file reviewing physicians to contact Plaintiff's treating providers by telephone.

30. Plaintiff has exhausted her administrative remedies under the Plan.

31. Sun Life would pay any benefits due out of its own funds.

32. The Plan does not confer discretionary authority upon Sun Life, therefore, a *de novo* standard of review would apply to the review of its decision.

33. Sun Life owed Plaintiff duties as a fiduciary of the ERISA Plan, including the duty of loyalty.

34. Sun Life was under a perpetual conflict of interest because the benefits would have been paid out of its own funds.

35. Sun Life allowed its concern over its own funds to influence its decision-making.

36. Sun Life breached its fiduciary duties to Plaintiff, including the duty of loyalty.

## FIRST CAUSE OF ACTION
## FOR PLAN BENEFITS PURSUANT TO 29 U.S.C. § 1132(a)(1)(B)

PLAINTIFF incorporates the allegations contained in the above paragraphs as if fully stated herein and says further that:

37. Under the terms of the Plan and policy, Defendant agreed to provide Plaintiff with LTD benefits in the event that Plaintiff became disabled as defined by the Plan.

38. Plaintiff is disabled and entitled to benefits under the terms of the Plan.

39. Defendant failed to provide benefits due under the terms of the Plan, and these denials of benefits to Plaintiff constitute breaches of the Plan.

40. The decisions to deny benefits were wrong under the terms of the Plan.

41. The decisions to deny benefits and decision-making processes were arbitrary and capricious.

42. The decisions to deny benefits were influenced by the Defendant's financial conflict of interest.

43. The decisions to deny benefits were not supported by substantial evidence in the record.

44. As a direct and proximate result of the aforementioned conduct of the Defendant in failing to provide benefits for Plaintiff's disability, Plaintiff has been damaged in the amount equal to the amount of benefits to which she would have been entitled to under the Plan.

45. As a direct and proximate result of the aforementioned conduct of the Defendant in failing to provide benefits for Plaintiff's disability, Plaintiff has suffered, and will continue to suffer in the future, damages under the Plan, plus interest and other damages, for a total amount to be determined.

## **PRAYER FOR RELIEF**

WHEREFORE. Plaintiff requests that this Court grant her the following relief in this case:

**On Plaintiff's First Cause of Action:**

1. A finding in favor of Plaintiff against the Defendant;

2. Damages in the amount equal to the disability income benefits to which she was entitled through the date of judgment, for unpaid benefits pursuant to 29 U.S.C. § 1132(a)(1)(B);

3. Prejudgment and postjudgment interest;

4. An Order requiring the Plan or appropriate Plan fiduciaries to pay continuing benefits in the future so long as Plaintiff remains disabled under the terms of the Plan, as well as any other collateral benefits to which she might be entitled on the basis of being disabled under the LTD plan.

5. Plaintiff's reasonable attorney fees and costs; and

6. Such other relief as this court deems just and proper.

Dated this 17th day of June, 2020.

Respectfully submitted,

ERIC BUCHANAN & ASSOCIATES, PLLC
ATTORNEYS FOR PLAINTIFF

BY:   */s/ Audrey C. Dolmovich*
Audrey C. Dolmovich (Tenn. Bar #035972)
414 McCallie Avenue
Chattanooga, TN 37402
(423) 634-2506
FAX: (423) 634-2505
adolmovich@buchanandisability.com